UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERICA CONDIFF O/B/O J.D.                                CIVIL ACTION

VERSUS                                                  NO. 16-6788

SOCIAL SECURITY ADMINISTRATION                          SECTION "S" (3)

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her minor claimant's claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.   BACKGROUND

Plaintiff filed an application for SSI on behalf of claimant in July 2002, which was approved. (Adm. Rec. at 16). The Commissioner determined claimant to have been disabled as of July 1, 2001. (*Id.* at 34). Claimant alleged disability due to asthma, a heart murmur, and a learning disorder. (*Id.* at 178). Claimant, born on May 9, 2002, was a little less than two months old when the Commissioner determined that he was disabled. (*Id.* at 184).

On March 28, 2013, after a periodic review of claimant's disability status, the Commissioner determined that claimant's condition had improved, and it ceased benefits. (*Id.* at 37-42). Plaintiff appealed and sought a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 46-47). The ALJ held the hearing on August 6, 5015. (*Id.* at 379-400). Plaintiff and claimant testified at the hearing. (*Id.*).

On October 20, 2015, the ALJ issued a decision in which she found that claimant was no longer disabled, denying his claim. (*Id.* at 16-33). In the decision, the ALJ concluded that claimant's learning disorder is a severe impairment. (*Id.* at 19). (*Id.* at 12). However, the ALJ held that claimant does not have an impairment or a combination of impairments that meets or medically equals a listed impairment in Appendix 1 under the regulations. (*Id.* at 19-33). The ALJ concluded that medical improvement had occurred as of March 1, 2013 and that claimant had not become disabled again since that date. (*Id.* at 33).

Claimant asked the Appeals Council to review the ALJ's conclusion that he is not disabled. (*Id.* at 10-11). On March 16, 2016, the Appeals Council denied plaintiff's request. (*Id.* at 6-7a). Plaintiff then timely filed this civil action.

## II.   STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).    It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of

no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III. ENTITLEMENT TO BENEFITS UNDER THE ACT

A child is entitled to disability benefits if he or she has a severe medically determinable physical or mental impairment or combination of impairments that cause marked and severe functional limitations, and that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 20 C.F.R. §§ 416.906, 416.924. The ALJ employs the following three-step sequential evaluation process in evaluating childhood disability cases: (1) Is the child engaged in substantial gainful activity?; (2) Does the child have a severe impairment or combination of impairments?; and (3) Does the severe impairment(s) meet,

medically equal, or functionally equal the severity of any impairment listed in Pt. 404, Subpt. P, App. 1 ("the listings"). 20 C.F.R. § 416.924(a)-(d).

To evaluate functional equivalence at step three, the Commissioner considers how a child functions in her activities in terms of six domains of functioning. 20 C.F.R. § 416.926a(b)(1). The six domains include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1), (g)-(l). Functional equivalence means that the impairment is of listing-level severity and results in "marked" limitations in two of the six domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). A "marked" limitation in a domain is when an impairment interferes seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926(e)(2). An "extreme" limitation interferes very seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926(e)(3).

## IV. ISSUES ON APPEAL

There are two issues on appeal:

(1) Whether the ALJ erred when she concluded that claimant's bipolar disorder, attention deficit hyperactivity disorder, and opposition defiant disorder did not meet Listing 112.04.

(2) Whether the ALJ erred when she concluded that claimant is not "markedly limited" in three domains of functioning.

## V. ANALYSIS

**1. Whether the ALJ erred when she concluded that claimant's bipolar disorder, attention deficit hyperactivity disorder, and opposition defiant disorder did not meet Listing 112.04.**

4

Claimant[1] contends that he still suffers from a mood disorder, specifically bipolar disorder. He lists a host of behavior exhibited at home and at school to support this diagnosis. However, claimant can meet his burden of proof only by showing that "'no credible evidentiary choices or medical findings'" exist to support the ALJ's final administrative decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir.2000)) ("A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. In applying this standard, we may not re-weigh the evidence or substitute our judgment for that of the Commissioner."). The Court finds that the ALJ cited much objective medical evidence to support her decision that claimant omits from his brief.

In order to meet Listing 12.04, claimant must satisfy the requirements listed in both paragraphs A and B of the regulation. *See* 20 C.F.R. pt. 404, subpt. P, app.1, § 112.04(B). Relevant to this case, paragraph B requires marked limitations in at least two of the following: (1) age-appropriate cognitive/communicative function; (2) age-appropriate social functioning; (3) age-appropriate personal functioning; or (4) maintaining concentration, persistence, or pace. *See* 20 C.F.R. pt. 404, subpt. P, app.1, § 112.04(B), 112.02(B).

Although claimant asserts that he has marked limitations in cognitive functioning and social functioning, he cites to no evidence other than his mother's own subjective reports to his physicians. For example, claimant cites to a July 2014 psychiatric evaluation by Minati Biswas, M.D. as support for his claims that he has difficulty thinking or concentrating in school, experiences mood swings that involve depression and sadness, hallucinates, and experiences psychomotor agitation

---

[1] For ease of reference, the Court will refer to "claimant" as both claimant and his mother, the named plaintiff, unless otherwise appropriate.

in the form of nail biting. (Adm. Rec. at 329-37).  But this evidence is no more than he and his mother's self-reporting. The only conclusion from that evaluation was Biswas's prescription of medications.   (*Id.* at 337).

In addition, the ALJ considered claimant's and his mother's subjective reports and testimony. (*Id.* at 28). But she also considered the medical observations of claimant's treatment providers. As the ALJ noted, after examination by Biswas, claimant showed "OK" behavior, "OK" attitude, "OK" mood, and no delusions. (*Id.* at 29-30, 329-37). At most of his examinations with Patrick Dowling, M.D., claimant demonstrated a cooperative attitude, euthymic mood, normal thought processes, and no abnormal or psychotic thoughts. (*Id.* at 29-30, 325, 360, 363, 367, 372, 376). His speech was normal, and he had intact associations and fair insight, judgment, attention, and concentration.   (*Id.* at 29, 325).   At these examinations, claimant's mother reported that he was doing "okay," and claimant exhibited an appropriate mood and affect.   (*Id.*).   Dowling continuously reported that claimant responded well to his medication, and his grades rose.   (*Id.* at 29).   Dowling ultimately opined that "[c]lient has made moderate progress toward his treatment goals.   He continues to work on managing his anger and being better able to express himself.   He is developing healthier peer relationships, and is learning to identify the behaviors that cause others to isolate from him."   (*Id.* at 358).

The case law clearly establishes that when a medical opinion is premised on self-reporting and is otherwise unsubstantiated by the record, an ALJ may properly disregard said opinion. *See, e.g., Liessmann v. Barnhart*, No. 02-2070, 2002 WL 31450793, at *4 (10th Cir. Nov. 4, 2002) (unpublished opinion) (affirming ALJ's failure to credit opinion of examining physician "who saw [the claimant] for only one hour, admitted that he had no test data and thus could only base his

opinion about [the claimant's] disability or her 'self-report'"); *Mastro v. Apfel*, 270 F.3d 171, 177-78 (4th Cir. 2001) (affirming ALJ's disregard of treating physician's opinion because said opinion "was based largely upon the claimant's self-reported symptoms" and was not supported by the objective medical evidence). Claimant's argument rests on evidence that outlines his and his mother's self-reporting of his conditions. There is, however, substantial evidence in the record to contradict such self-reporting, and the ALJ properly considered it. Because claimant ignores this evidence from Biswas and Dowling discussed by the ALJ, he can not show that the ALJ's decision is unsupported by credible evidentiary choices or medical findings. Accordingly, the Court finds that substantial evidence supports the ALJ's finding that claimant does not meet a listing.

### 2. Whether the ALJ erred when she concluded that claimant is not "markedly limited" in two domains of functioning.

Claimant also argues that the ALJ erred when she failed to find him "markedly limited" in the domains of Acquiring and Using Information and Interacting and Relating to Others. Claimant cites to his and his mother's testimony to demonstrate that he functionally equals a listing, alleging that he has marked limitations in these two domains. However, the ALJ considered both of these functional domains and found that claimant has less than marked limitations.

With regard to acquiring and using information, the ALJ noted that consultative psychologist Scuddy Fontanelle, Ph.D., examined claimant and found age-appropriate reading skills, normal cognitive orientation, low-average intelligence, good insight, and appropriate social comprehension. (*Id.* at 22, 268-70). Claimant's speech was adequate for communication purposes, his thinking was rational and logical in style, and he showed no evidence of childhood autism, childhood psychosis, or childhood schizophrenia. (*Id.* at 269). His mood was appropriate during the examination with Fontentelle, and his affects were within normal limits. (*Id.*). He was able

7

to identify six of six body parts, name six of six colors, and was able to add, subtract, and multiply numbers. (*Id.*). He was learning division and was able to read words at the fifth-grade level, "which would place reading skills on grade level." (*Id.*). Although claimant fails to mention these findings in his brief, they are substantial evidence to support the ALJ's decision.

With regard to interacting and relating with others, Fontenelle found rational and logical thoughts, appropriate mood and affect, appropriate social comprehension and reasoning, appropriate social skills, and good insight. (*Id.* at 24, 269-70). In addition, claimant reported to Fontenelle that he enjoyed social interaction and making friends. (*Id.* at 24, 270). Moreover, and as noted above, Dowling found that claimant "is developing healthier peer relationships, and is learning to identify the behaviors that cause others to isolate from him." (*Id.* at 358). Because claimant does not show "marked" limitations in two of the six domains of functioning, or an "extreme" limitation in one domain, he does not functionally equal a listing, and substantial evidence supports the ALJ's conclusion. 20 C.F.R. § 416.926a(a). Accordingly, substantial evidence supports the ALJ's findings in this domain.

In short, the ALJ cited to evidence from Biswas, Dowling, and Fontenelle to support her conclusion that claimant does not meet or functionally equal a listing. This is substantial evidence supporting the ALJ's decision and, because claimant's brief neglects to discuss the ALJ's consideration of this evidence, this Court finds that he has not met his burden of proof.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH

PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 24th day of March, 2017.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**